**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| KARL HERCULA and GINA HERCULA,<br><br>Plaintiffs,<br><br>vs.<br><br>TACO BELL OF AMERICA, LLC, a Delaware limited liability company; TACO BELL CORP., a California corporation; TAYLOR FRESH FOODS, INC., a Delaware corporation; TAYLOR FARMS CALIFORNIA, INC., a Delaware corporation; and JOHN DOE CORPORATIONS 1-5,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**(JURY TRIAL DEMANDED)** |

NOW COME Plaintiffs KARL HERCULA and GINA HERCULA (hereinafter "Plaintiffs"), husband and wife, by and through their attorneys of record, and for their causes of action against Defendants Taco Bell of America, LLC, Taco Bell Corp., Taylor Fresh Foods, Inc., Taylor Farms California, Inc., and John Doe Corporations 1-5, complain, allege, and state as follows:

### I.      PARTIES

1.      Plaintiffs Karl Hercula and Gina Hercula are now, and were at all times material to this Complaint, adult residents and citizens of Clinton Township, Macomb County, Michigan. Plaintiffs are husband and wife.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 1

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

2.      Defendant Taco Bell of America, LLC (hereinafter "Taco Bell of America") is, and was at all times material to this Complaint, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Glen Bell Way, Irvine, California. Taco Bell of America is registered to transact business in the State of Michigan as a foreign limited liability company.

3.      Defendant Taco Bell Corp. (hereinafter "Taco Bell Corp.") is, and was at all times material to this Complaint, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1 Glen Bell Way, Irvine, California. Taco Bell Corp. is registered to transact business in the State of Michigan as a foreign profit corporation. Upon information and belief, Defendant Taco Bell of America is a wholly owned subsidiary of Taco Bell Corp. Defendants Taco Bell of America, LLC and Taco Bell Corp. are collectively referred to herein as "Taco Bell." At all times material to this Complaint, Taco Bell owned and operated the Taco Bell restaurant located at 37510 Gratiot Avenue, Clinton Township, Michigan 48035 (the "Subject Restaurant"), where it manufactured, prepared, and sold the food products described herein.

4.      Defendant Taylor Fresh Foods, Inc. (hereinafter "Taylor Fresh") is, and was at all times material to this Complaint, a corporation organized and existing under the laws of the State of Delaware, with its headquarters in Salinas, California. At all times material to this Complaint, Taylor Fresh, acting either alone or jointly with Defendant Taylor Farms California, Inc., grew, processed, manufactured, packaged, supplied, and distributed the fresh lettuce products, including shredded lettuce supplied to Taco Bell restaurants, that caused Plaintiffs' illnesses and injuries.

5.      Defendant Taylor Farms California, Inc. (hereinafter "Taylor Farms") is, and was at all times material to this Complaint, a corporation organized and existing under the laws of the

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 2

**MARLER CLARK**
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

State of Delaware, with its headquarters located at 150 Main Street, Suite 500, Salinas, California 93901. At all times material to this Complaint, Taylor Farms, acting either alone or jointly with Defendant Taylor Fresh, grew, processed, manufactured, packaged, supplied, and distributed the fresh lettuce products, including the shredded iceberg lettuce supplied to Taco Bell restaurants, that caused Plaintiffs' illnesses and injuries.

6.     Defendants John Doe Corporations 1-5, whose identities are currently unknown, are the manufacturers, distributors, importers, packagers, brokers, suppliers, and/or growers of the food products and/or their constituent ingredients that caused Plaintiffs' illnesses, as well as the illnesses of other individuals sickened as a result of the subject outbreak. These Defendants are in some manner responsible for the acts, occurrences, and transactions set forth herein and/or are the partners and/or alter ego(s) of the Defendants named herein, and are therefore legally liable to Plaintiffs. Plaintiffs will set forth the true names and capacities of the fictitiously named Doe Defendants, together with appropriate specific charging allegations, when ascertained.

## II.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs are citizens of Michigan. Defendant Taco Bell Corp. is a corporation incorporated in California with its principal place of business in California and is therefore a citizen of California. Defendant Taco Bell of America, LLC is a limited liability company organized under the laws of Delaware; upon information and belief, its sole member is Taco Bell Corp., such that Taco Bell of America, LLC is likewise a citizen of California. Defendants Taylor Fresh Foods, Inc. and Taylor Farms California, Inc. are citizens of the State of Delaware, where they are incorporated, and of the State

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 3

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

of California, where they maintain their principal places of business. No Defendant is a citizen of the State of Michigan.

8.     This Court has personal jurisdiction over Defendants because Defendants transacted business within the State of Michigan, including the manufacture, preparation, and sale of food products to consumers in this State, and committed the tortious acts giving rise to this action within the State of Michigan, specifically within Macomb County.

9.     Venue is proper in the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District, including the manufacture, preparation, and sale of the contaminated food products that Plaintiffs consumed, and Plaintiffs' resulting injuries.

### III.     FACTUAL ALLEGATIONS

#### A.     The 2026 Multistate Cyclosporiasis Outbreak

10.     On July 14, 2026, the Centers for Disease Control and Prevention ("CDC") issued a Health Alert Network Health Advisory (CDCHAN-00531) notifying clinicians, public health practitioners, and laboratorians of domestically acquired cyclosporiasis cases in multiple U.S. states. According to the CDC, since May 1, 2026, it had received reports of 1,645 confirmed domestic cases of cyclosporiasis and was aware of more than 5,100 additional cases requiring further analysis to confirm as domestically acquired—nearly 7,000 people nationwide. This total is substantially higher than the 249 cases reported nationally during the same period in 2025.

11.     According to the CDC, the 1,645 lab-confirmed cases were reported by 34 states. The affected case-patients ranged in age from 2 to 95 years, with a median age of 44 years. Of the case-patients with available information, 141 (9%) were hospitalized. The CDC has

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 4

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

recognized that, because cyclosporiasis is often underdiagnosed and underreported, the true number of illnesses is likely higher than the number reported.

12.     Also on July 14, 2026, the CDC posted an outbreak investigation notice reporting that, as of July 13, 2026, more than 400 people infected with *Cyclospora* had been reported to the CDC from four states—Michigan, Ohio, West Virginia, and Kentucky—in connection with a single multistate outbreak that appears to be epidemiologically linked, suggesting a common source of infection. Sick people in that outbreak reported the onset of symptoms on or after June 22, 2026.

13.     The CDC, the U.S. Food and Drug Administration, and state and local health departments have been working together to investigate the multistate outbreak and to identify the source of illness. Previous cyclosporiasis outbreaks have repeatedly been linked to the consumption of contaminated fresh produce, including leafy greens and fresh herbs. Public health officials in Michigan have identified lettuce or salad greens as a likely source of the multistate outbreak.

14.     In early July 2026, Taco Bell restaurants in Michigan and elsewhere posted signs at their counters informing customers that the chain could no longer serve lettuce, cilantro, onion, pico de gallo, or guacamole. Thereafter, as reported in the national press, federal and state health officials confirmed that they were investigating whether food products served at Taco Bell restaurants played a role in the multistate cyclosporiasis outbreak. The ingredients withdrawn by Taco Bell—lettuce, cilantro, onions, and the fresh produce used in its pico de gallo and guacamole—are among the fresh produce items historically implicated in *Cyclospora* outbreaks.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 5

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

**B.      Taylor Defendants Supplied the Contaminated Lettuce Used by Taco Bell**

15.      As part of the ongoing investigation into the 2026 multistate cyclosporiasis outbreak, public health investigators identified fresh lettuce served at Taco Bell restaurants as a source of the outbreak and identified the Taylor Defendants as the growers, processors, and suppliers of that lettuce. The Taylor Defendants grew, processed, packaged, and distributed the shredded lettuce that was supplied to Taco Bell restaurants and that is linked to the outbreak.

16.      The lettuce supplied by the Taylor Defendants was distributed to Taco Bell restaurants in Indiana, Kentucky, Michigan, Ohio, and West Virginia, including the Subject Restaurant in Michigan at which Plaintiffs purchased and consumed the lettuce. Following the identification of the implicated lettuce, Taco Bell removed the lettuce from its supply chain nationwide.

**C.      Cyclosporiasis and Cyclospora Infection**

17.      Cyclosporiasis is a gastrointestinal illness caused by the microscopic parasite *Cyclospora cayetanensis*. People become infected by consuming food or water contaminated with the parasite. The illness is not usually spread directly from person to person. Case counts typically rise during the spring and summer months, and the CDC considers May 1 through August 31 to be the annual cyclosporiasis season. Previous outbreaks have been linked to consuming contaminated fresh produce.

18.      Symptoms of cyclosporiasis typically begin about one week after exposure, with onset ranging from 2 to 14 days after being exposed. The most common symptoms include frequent, watery diarrhea, along with loss of appetite, weight loss, bloating, nausea, and fatigue. Less common symptoms include low-grade fever and vomiting. Without treatment, symptoms can follow a remitting-relapsing course that can last from a few days to a month or longer.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 6

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

19.     Laboratory detection of *Cyclospora* in stool can be challenging even in symptomatic patients, and standard ova-and-parasite examinations may not detect it reliably; specific diagnostic testing for *Cyclospora* must be requested. The recommended treatment for confirmed cyclosporiasis is a 7-to-10-day course of trimethoprim-sulfamethoxazole, sold under the brand name Bactrim. Illness can be severe, and complications can include malabsorption, cholecystitis, and reactive arthritis.

20.     Cyclosporiasis is entirely preventable through proper food-safety practices. Because *Cyclospora* contamination originates in the field and water before produce reaches the point of sale, and because chemical disinfection or ordinary washing may not fully eliminate the parasite, the burden of preventing cyclosporiasis rests on those who grow, handle, distribute, and sell fresh produce and the foods made from it.

### D.     Plaintiffs' Injuries

21.     On June 21, 2026, Plaintiffs Karl Hercula and Gina Hercula purchased and consumed food prepared and sold by the Subject Restaurant located at 37510 Gratiot Avenue, Clinton Township, Michigan.

22.     Each of the meals that Plaintiffs purchased and consumed from the Subject Restaurant on June 21, 2026, contained fresh produce, including lettuce, which both Plaintiffs consumed as part of their meals.

23.     On or about July 6, 2026—a period consistent with the incubation period for cyclosporiasis—Plaintiff Gina Hercula began experiencing symptoms of a *Cyclospora* infection.

24.     On July 7, 2026, Plaintiff Gina Hercula sought medical care at a hospital emergency room, where she provided a stool sample.

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

25.     On July 10, 2026, Plaintiff Gina Hercula sought further medical care at an urgent care facility. The following day, Plaintiff Gina Hercula again sought medical care at an urgent care facility, where she provided a second stool sample and began a course of antibiotics.

26.     On or about July 14, 2026, Plaintiff Gina Hercula's stool sample tested positive for *Cyclospora*.

27.     On or about July 10, 2026—likewise a period consistent with the incubation period for cyclosporiasis—Plaintiff Karl Hercula began experiencing symptoms of a *Cyclospora* infection consistent with those experienced by his wife.

28.     On July 13, 2026, Plaintiff Karl Hercula sought medical care at an urgent care facility. Plaintiff Karl Hercula's symptoms were consistent with cyclosporiasis and with the *Cyclospora* infection contracted by his wife from the same meal at the Subject Restaurant. He was prescribed and took trimethoprim-sulfamethoxazole (Bactrim), the recommended treatment for cyclosporiasis.

29.     As a direct and proximate result of their *Cyclospora* infections, Plaintiffs Karl Hercula and Gina Hercula each suffered physical illness, pain and suffering, a diminished working capacity, and other injuries. Plaintiffs' recovery is ongoing.

## IV.     CAUSES OF ACTION

### COUNT I

### Strict Product Liability

30.     Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

31.     At all times relevant hereto, the Defendants were manufacturers, distributors, and/or sellers of the adulterated food product that is the subject of this action. As to Defendants

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 8

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

Taylor Fresh and Taylor Farms, the adulterated food product was the contaminated lettuce grown, processed, and distributed to the affected Taco Bell restaurants, including the Subject Restaurant; and as to Defendant Taco Bell, the adulterated food product was the contaminated food items that Plaintiffs purchased and consumed from the Subject Restaurant, leading directly and proximately to the injuries described herein.

32.     The adulterated food product that the Defendants manufactured, distributed, and/or sold was, at the time it left the Defendants' control, defective and unreasonably dangerous for its ordinary and expected use because it was contaminated with *Cyclospora cayetanensis*, a pathogenic parasite.

33.     The adulterated food product that the Defendants manufactured, distributed, and/or sold was delivered to Plaintiffs without any change in its defective condition, and was used in the manner expected and intended, i.e., human consumption, and was consumed by Plaintiffs.

34.     The Defendants owed a duty of care to Plaintiffs to grow, manufacture, prepare, distribute, and/or sell food that was not adulterated, that was fit for human consumption, and that was free of pathogenic parasites or other substances injurious to human health. The Defendants breached this duty.

35.     Plaintiffs suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the Defendants manufactured, distributed, and/or sold.

## COUNT II

### Breach of Warranty

36.     Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 9

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

37.     The Defendants grew, produced, distributed, prepared, and/or sold the contaminated food product that injured Plaintiffs and caused their *Cyclospora* infections. The Defendants are, therefore, manufacturers, distributors, and/or sellers of an adulterated food product, and the adulterated food product reached Plaintiffs without substantial change from the condition in which it was sold by the Defendants.

38.     The Defendants are subject to liability to Plaintiffs for their breaches of express and implied warranties made with respect to the food product sold, including the implied warranties of merchantability and of fitness for a particular use. The Defendants expressly warranted, through the sale of food to the public, and by the statements and conduct of their employees and agents, that the food product ultimately sold to Plaintiffs was fit for human consumption, and not otherwise adulterated or injurious to health.

39.     The food product sold by the Defendants and ultimately consumed by Plaintiffs, which product was contaminated with *Cyclospora* and related adulteration, would not pass without exception in the trade, and was thus in breach of the implied warranty of merchantability.

40.     Plaintiffs further allege that the contaminated food sold by the Defendants and consumed by Plaintiffs was not fit for the uses and purposes intended by either Plaintiffs or the Defendants, i.e., human consumption, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

41.     As a direct and proximate result of the Defendants' breaches of express and/or implied warranties, Plaintiffs suffered *Cyclospora* infections and the adverse effects associated with the same, were forced to endure pain, suffering, and inconvenience, were forced to submit to medical care, and suffered an inability to perform the activities of daily living, all as described herein.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 10

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

## COUNT III

### Negligence

42.    Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

43.    The Defendants had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of the food product that injured Plaintiffs, including the applicable provisions of the Federal Food, Drug, and Cosmetic Act, and similar Michigan food and public health statutes, including without limitation the provisions of MCL 289.5101, which prohibit the manufacture and sale of any food that is adulterated or otherwise injurious to health.

44.    The food product that the Defendants manufactured, distributed, and/or sold, and that Plaintiffs purchased and consumed, was adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act, and similar Michigan statutes, because it contained a deleterious substance that rendered it injurious to health, i.e., *Cyclospora cayetanensis*, a pathogenic parasite.

45.    The Defendants owed a duty to the ultimate consumers of their food products, including Plaintiffs, to use reasonable care in the growing, manufacture, preparation, and sale of such products, and to prevent or eliminate the risk that their food products would be contaminated with *Cyclospora* or any other pathogen. The Defendants breached this duty.

46.    The Defendants had a duty to use supplies and raw materials in producing their food products that were in compliance with applicable federal, state, and local laws, ordinances, and regulations; that were from reliable sources; and that were clean, wholesome, free from adulteration, and fit for human consumption, but failed to do so, and therefore breached that duty.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 11

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

47.     The Defendants had a duty to properly supervise, train, and monitor their employees, and the employees of their agents or subcontractors, engaged in the growing, preparation, and sale of their food products, to ensure compliance with the Defendants' operating standards and with all applicable health regulations, but failed to do so, and thus breached that duty.

48.     Defendant Taco Bell had a duty, given its knowledge of prior outbreaks of *Cyclospora* and other pathogens on fresh produce and leafy greens, to take reasonable measures to ensure that the lettuce and other fresh produce utilized by its restaurants were safely grown, processed, and handled, and were not grown, processed, or handled under conditions known, or that reasonably should be known, to the food industry to be unsafe. The Defendants breached these duties.

49.     Plaintiffs' *Cyclospora* illnesses and injuries occurred as a direct and proximate result of the Defendants' breach of duties and noncompliance with applicable law and safety regulations.

## COUNT IV

### Negligence Per Se

50.     Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

51.     The Defendants had a duty to comply with all applicable state and federal regulations intended to ensure the purity and safety of their food products, including the requirements of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 *et seq*.) and the Michigan adulterated food statutes (MCL 289.5101 *et seq*.).

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 12

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

52.     The food product that the Defendants manufactured, distributed, and/or sold, and that Plaintiffs purchased and consumed, was adulterated within the meaning of these statutes because it contained a deleterious substance, i.e., *Cyclospora cayetanensis*, that rendered it injurious to health.

53.     These statutes and regulations establish a positive and definite standard of care in the manufacture and sale of food, and the Defendants' violation of these provisions constitutes negligence per se.

54.     Plaintiffs are within the class of persons intended to be protected by these statutes and regulations, and Plaintiffs were injured as the direct and proximate result of the Defendants' violation of applicable federal, state, and local food safety regulations.

## COUNT V

### Violation of the Michigan Consumer Protection Act (MCL 445.901 *et seq.*)

55.     Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

56.     The Defendants breached implied warranties that resulted in a violation of the Michigan Consumer Protection Act, entitling Plaintiffs to relief, including attorney fees, under MCL 445.903(1).

57.     The Defendants expressly and impliedly represented and promised that the food they grew, manufactured, prepared, and/or sold was of high quality, was fit for human consumption, and was safe, and violated those representations and promises in violation of the Michigan Consumer Protection Act, MCL 445.903(1).

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 13

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

58. As a direct and proximate result of conduct by the Defendants that was in violation of the Michigan Consumer Protection Act, Plaintiffs sustained injury and damages in an amount to be determined at trial.

## COUNT VI

### Loss of Consortium

59. Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

60. At all times material to this Complaint, Karl Hercula and Gina Hercula were, and remain, lawfully married to one another as husband and wife.

61. As a direct and proximate result of the *Cyclospora* infection and injuries suffered by Gina Hercula, caused by the conduct of the Defendants as alleged herein, her spouse Karl Hercula has been deprived of the society, companionship, services, affection, assistance, and consortium of his wife, and has otherwise been damaged, in an amount to be determined at trial.

62. As a direct and proximate result of the *Cyclospora* infection and injuries suffered by Karl Hercula, caused by the conduct of the Defendants as alleged herein, his spouse Gina Hercula has been deprived of the society, companionship, services, affection, assistance, and consortium of her husband, and has otherwise been damaged, in an amount to be determined at trial.

## V. DAMAGES

63. Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

64. Plaintiffs have suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the Defendants as stated herein, in an

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 14

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

amount that shall be fully proven at the time of trial. These damages include, but are not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; past medical and medical-related expenses; future medical and medical-related expenses; travel and travel-related expenses, both past and future; lost wages and diminished earning capacity; emotional distress, past and future; pharmaceutical expenses, past and future; and all other ordinary, incidental, or consequential damages that would, or could, be reasonably anticipated to arise under the circumstances.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

A.    For compensation for all general, special, incidental, and consequential damages suffered by Plaintiffs as a result of Defendants' conduct;

B.    For statutory prejudgment interest;

C.    For reasonable attorney fees and costs, to the fullest extent allowed by law, including under the Michigan Consumer Protection Act; and

D.    For all such additional and further relief as this Court deems just and equitable.

## VII.    DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED July 20, 2026.

By: /s/ Drew A. Ruby
Drew A. Ruby (P82843)
RUBY INJURY LAW
30300 Northwestern Hwy, Ste. 308
Farmington Hills, MI 48334
Telephone: (248) 539-7439
Facsimile: (248) 247-5365
*Local Counsel for Plaintiffs*

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 15

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

By: /s/ William D. Marler
    William D. Marler, WSBA #17233
    (*pro hac vice* forthcoming)
    MARLER CLARK, INC., PS
    180 Olympic Drive S.E.
    Bainbridge Island, WA 98110
    Telephone: (206) 346-1888
    Email: bmarler@marlerclark.com
    *Counsel for Plaintiffs*

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL -- 16

MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com